## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Christopher Allen Lents and Kimberly Dawn Lents,<br><div align="right">Debtor(s).</div> | C/A No. 21-01868-EG<br><br>Adv. Pro. No. 22-80041-EG |
| Michelle Vieira,<br><div align="right">Plaintiff(s),</div><br>v.<br><br>Kimberly D Lents,<br><div align="right">Defendant(s).</div> | Chapter 7<br><br>**ORDER** |

**THIS MATTER** is before the Court upon the Affidavit of Default filed by Michelle L. Vieira (the "Plaintiff") on December 14, 2022, regarding the Complaint filed October 18, 2022. The Plaintiff filed a Certificate of Service on November 2, 2022, which provided that she mailed the Complaint with the Summons[1] to the Defendant, Kimberly D. Lents ("Debtor") on that same day at the following address: 5523 N. Ocean Blvd. #1209, Myrtle Beach, SC 29577, and also to Debtor's Attorney, Elizabeth R. Heilig, Meredith Law Firm, LLC, 4000 Faber Place Drive, Suite 120, N. Charleston, SC 29405.   No answer or other responsive pleading has been filed by Debtor; therefore, the Plaintiff seeks entry of default.

Fed. R. Bankr. P. 7004 governs service of the Summons and Complaint in adversary proceedings. "Proper service of process is necessary to establish that the court has personal jurisdiction over the Defendant and to provide notice to the Defendant that complies with constitutional requirements of due process." *In re Fulton,* C/A No. 22-01658-EG, Adv. Pro. No. 22-80036-EG, 2022 WL 17085004, at *2 (Bankr. D.S.C. Nov. 18, 2022) (citing *Koehler v.*

---

[1] A Summons was issued on October 19, 2022, but became stale before the Plaintiff could effect service. Accordingly, the Plaintiff requested a reissued Summons on October 31, 2022, and the Clerk reissued the Summons on November 1, 2022.

*Dodwell,* 152 F.3d 304 (4th Cir. 1998).  The Court has a duty to ensure that service is proper prior

to affording the relief requested in the Complaint to the Plaintiff.  *Fulton,* 2022 WL 17085004, at

*2 (citing *In re Kennedy,* 403 B.R. 363, 362 (Bankr. D.S.C. 2009).  Rule 7004(b)(9) specifically

provides that service "[*u]pon the debtor*, after a petition has been filed by or served upon the debtor

and until the case is dismissed or closed," may be made "by mailing a copy of the summons and

complaint to the debtor at the address shown in the petition or to such other address as the debtor

may designate in a filed writing." Fed. R. Bankr. P. 7004(b)(9) (emphasis added).  In the main

case, C/A No. 21-01868, Debtor indicated on the petition, in response to the prompt "If Debtor 2

lives at a different address" (from the co-debtor, Christopher Allen Lents), that she lives at 5523

N Ocean Blvd #1209 Myrtle Beach, SC 29577 ("Home Address").  However, directly below the

Home Address, in response to the prompt "If Debtor 2's *mailing address* is different from yours,

fill it in here. Note that the court will send any notices to this mailing address," the Defendant

indicated that her mailing address was 5335 N Kings Highway #160 Myrtle Beach, SC 29577

("Mailing Address").

Based on the record before the Court, it appears that the Summons and Complaint were not

served on the Mailing Address, which is the address specifically designated by Debtor in the

petition for notice.  Accordingly, the Court finds that service was not proper under Fed. R. Bankr.

P. 7004(b)(9).[2]  *See In re Shapiro*, 265 B.R. 373, 378 (Bankr. E.D.N.Y. 2001) (finding that "Rule

7004(b)(9) governs service of a complaint on a debtor defendant" because "[t]o allow service of

---

[2] Plaintiff's service on Debtor's attorney is insufficient to effect proper service on Debtor because Fed. R. Bankr. P. 7004(g) provides "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service **shall also be made** upon the debtor's attorney by any means authorized under Rule 5(b) F.R.Civ.P." In other words, both Debtor and Debtor's attorney must be properly served for service to comply with Fed. R. Bankr. P. 7004. Notably, in the Form 2030 Disclosure of Compensation of Attorney For Debtors filed with the Petition, Elizabeth Heilig expressly excluded the "defense or prosecution of adversary proceedings" from the agreed-to legal services.  Moreover, Ms. Heilig has not appeared in the adversary proceeding.

debtors under the other subsections would ignore the specific language of the statute and render Rule 7004(b)(9) meaningless."); *In re Constant*, No. 05–08226, 2007 WL 627418, at *1-2 (Bankr. S.D. Iowa Feb. 23, 2007) (stating, after explaining that Fed. R. Bank. P. 7004(b)(1) provides the method of service on an individual defendant, that "[w]here the defendant is a debtor, Rule 7004(b)(9) is applicable.").

Therefore, the Plaintiff's request for entry of default is denied. The Plaintiff shall request reissuance of the Summons, serve Debtor at the Mailing Address in accordance with Fed. R. Bankr. P. 7004(b)(9), and file proof of service within fourteen (14) days of this Order.  Upon the failure to comply with this Order, the Court shall enter an order dismissing the action without prejudice. Although the dismissal will be without prejudice, some actions may be otherwise time barred by the Federal Rules of Bankruptcy Procedure or other applicable law.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**12/21/2022**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 12/21/2022

3