**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Christopher Allen Lents and Kimberly Dawn Lents,<br><br>                                                Debtor(s).<br><br>Michelle Vieira,<br><br>                                                Plaintiff(s),<br><br>v.<br><br>Kimberly D Lents,<br><br>                                                Defendant(s). | C/A No. 21-01868-EG<br><br>Adv. Pro. No. 22-80041-EG<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Motion for Default Judgment filed by Michelle Vieira ("Plaintiff" or "Trustee") on February 10, 2023, requesting default judgment revoking the discharge of Kimberly Lents[1] ("Defendant") pursuant to 11 U.S.C. § 727(d)(2).[2] Defendant filed correspondence with the Court, which the Court treated as a Response to the Motion for Default Judgment.[3] The Court held a hearing on this matter on March 1, 2023, which was attended by the Plaintiff and the Defendant.[4] For the reasons stated below, the Court will grant the Motion for Default Judgment.

**FINDINGS OF FACT**

The Defendant filed a joint chapter 7 petition with her then-husband, Christopher Lents, on July 16, 2021.[5] The Plaintiff was appointed the chapter 7 trustee of the Lents' estate.

---

[1] The Defendant currently goes by Kimberly Dawn Spoljaric.
[2] ECF No. 23. In this order, ECF references are to the filings in this adversary proceeding unless specifically indicated otherwise.
[3] ECF No. 37, filed Feb. 20, 2023.
[4] While the Defendant was represented by bankruptcy counsel in the main bankruptcy case, she has been representing herself *pro se* in this adversary proceeding and at the hearing.
[5] C/A No. 21-01868-eg.

Entered: 03/08/2023

Christopher and Kimberly Lents ("Debtors") were living separately and scheduled two parcels of real estate in their case: a residence located at 458 Flat Rock Lane, Summerville, SC 29486 (the "House"), which was jointly owned, and a condominium located at 5523 N. Ocean Blvd. #1209, Myrtle Beach, SC 29577 (the "Condo") which was titled solely in the name of the Defendant. Christopher claimed his homestead exemption in the House and the Defendant claimed her homestead exemption in the Condo. The Defendant did not claim a homestead exemption in the House, and could not, as her homestead exemption was exhausted.

On August 19, 2021, the Trustee conducted the meeting of creditors pursuant to 11 U.S.C. § 341 ("341 Meeting"), but the Trustee did not abandon any assets at the conclusion of the meeting. Following the 341 Meeting, the Trustee employed counsel and filed a Notice of Assets. On October 19, 2021, the Court entered an order granting a discharge under 11 U.S.C. § 727 to the Debtors.

On or about March 1, 2022, the Debtors entered into a listing agreement to sell the House. Thereafter, the Debtors sold the House on or about April 14, 2022. The Debtors did not have Court authority to list or sell the House,[6] never informed the Trustee that they were entering into the listing agreement or the contract of sale, and never consulted their counsel about these matters. In conjunction with the sale of the House, the Debtors signed an affidavit under oath affirming that they had not filed a petition for relief in the Bankruptcy Court and the House was not under the control of the Bankruptcy Court or a Trustee in Bankruptcy or a Receiver. Pursuant to the Closing Disclosure for the sale of the House, the Defendant received $40,676.66 (the "Proceeds"). The

---

[6] Nor could they have, since in a chapter 7 bankruptcy case, the trustee is the only party who may obtain Court authority to sell property of the estate. *See In re Mejia*, 576 B.R. 464, 468 (Bankr. S.D.N.Y. 2017) ("[C]hapter 7 does not authorize chapter 7 debtors to sell property of the bankruptcy estate. The only provision of the Bankruptcy Code authorizing the sale of property of chapter 7 bankruptcy estates [(11 U.S.C. § 363)] empowers the Trustee to sell that property.").

Defendant failed to report the receipt of the Proceeds to the Trustee and subsequently failed to deliver or surrender the Proceeds to the Trustee.

Approximately two weeks after the House was sold, the Trustee discovered the sale and contacted Debtors' counsel asking her to advise the Debtors not to dispose of the funds, and Debtors' counsel did so advise the Debtors. By that time, the Defendant had already spent most of the Proceeds and disregarded her counsel's advice as to the remainder.[7] After the Defendant failed to turn over the Proceeds to the Trustee, the Trustee—who was not yet aware the Defendant had spent nearly all the Proceeds—filed a Motion for Turnover as to the Proceeds, and the Debtors filed a Motion to Compel Abandonment of all property of the estate. On October 11, 2022, the Court entered an Order denying the Debtors' Motion to Compel Abandonment and granting the Trustee's Motion for Turnover ("Order Granting Motion for Turnover"), concluding, based on the findings of fact and conclusions of law stated therein which are incorporated herein by reference, that (1) the House was property of the estate when sold; (2) the Proceeds were also property of the estate, even if they were attributable to post-petition appreciation of the House; (3) since the Defendant did not claim an exemption in the House, the Proceeds she received from the sale of the House were non-exempt property of the estate; (4) the Proceeds were not of inconsequential value or benefit to the estate; and (5) the Defendant's defenses to the Motion for Turnover were not meritorious.[8] Upon the Defendant's failure to turn over the Proceeds to the Trustee, the Court granted the Trustee a judgment against the Defendant in the amount of the Proceeds.[9]

On October 18, 2022, the Plaintiff filed a complaint against the Defendant for revocation of her discharge pursuant to 11 U.S.C. § 727(d)(2), initiating this adversary proceeding. Defendant

---

[7] At the March 1, 2023, hearing on the Motion for Default Judgment, the Defendant stated that she had around $2,000.00 left of the Proceeds when her counsel advised her not to dispose of the Proceeds.
[8] C/A No. 21-01868-eg, ECF No. 77.
[9] C/A No. 21-01868-eg, ECF Nos. 83-84, entered Oct. 25, 2022.

3

was initially improperly served with the summons and complaint at her Home Address rather than her Mailing Address as required by Fed. R. Bankr. P. 7004(b)(9).[10] Correspondence filed by the Defendant on December 22, 2022, indicates that she was made aware by her counsel in the bankruptcy case on November 8, 2022, of the Trustee's filed complaint requesting the revocation of her discharge.[11] After the summons was reissued, the Defendant was properly served with the summons and complaint at her Mailing Address on December 29, 2022.[12] No response or answer to the complaint, however, was timely filed.[13] On February 6, 2023, the Court entered an order requesting that, as a result of no response or answer being filed, the Trustee file within 14 days a motion seeking a default judgment, a settlement order, or a voluntary dismissal pursuant to Fed. R. Bankr. P. 7041; and, absent any of those requests, the Court would dismiss the action.[14]

On February 9, 2023, the Plaintiff filed an Affidavit of Default,[15] followed by the Motion for Default Judgment filed the following day.[16] The Clerk's Office entered an Entry of Default against the Defendant on February 13, 2023.[17] On February 20, 2023, the Defendant filed

---

[10] *See* Order at ECF No. 8, entered Dec. 21, 2022 (denying Plaintiff's request for Entry of Default). The terms "Home Address" and "Mailing Address" used herein have the meanings ascribed to them in that Order.

[11] ECF No. 10.

[12] ECF No. 17, filed Jan. 2, 2023. Although in the Form 2030 Disclosure of Compensation of Attorney For Debtors filed with the Petition, Defendant's counsel in the main bankruptcy case expressly excluded the "defense or prosecution of adversary proceedings" from the agreed-to legal services and she has not made an appearance in this proceeding, she was served by mail with a copy of the complaint and the summons at ECF No. 5 (ECF No. 6) and received notice by CM/ECF of the adversary proceeding (C/A No. 21-01868-eg, ECF No. 80). No other attorney has appeared on behalf of the Defendant in this adversary proceeding.

[13] Neither Defendant's correspondence filed on December 22, 2022 nor the correspondence filed on February 20, 2023 stated her defenses to the claims set forth in the Complaint, admitted or denied the allegations of the Complaint, or otherwise addressed the substance of the allegations. Therefore, the correspondence does not meet the requirements for a responsive pleading under Fed. R. Civ. P. 8(b) (made applicable herein by Fed. R. Bankr. P. 7008).

[14] ECF No. 18. On the same day, the Debtor sent the Clerk's Office *ex parte* communication, which was filed on the docket by the Court, indicating: "I received this document today saying I haven't responded to it. I was never served. I did not receive any paperwork stating a deadline to respond to the 2nd complaint. I do not have representation and I need one appointed to me from the court. . . ."

[15] ECF No. 22, filed Feb. 9, 2023.

[16] ECF No. 23, filed Feb. 10, 2023.

[17] ECF No. 25, entered Feb. 13, 2023.

correspondence which the Court treated as a Response to the Motion for Default Judgment.[18] The Response raises some of the same arguments Defendant raised in opposition to the Trustee's Motion for Turnover in the main bankruptcy case; details the difficulties she has faced in the past two years as she lost income, divorced her husband, and has been unable to find a better paying job; states she has been unable to find counsel to represent her in this adversary proceeding; and asserts she has "been more than cooperative throughout this process."  At the hearing, the Defendant again raised issues that have been ruled upon in the bankruptcy case, blamed her bankruptcy counsel for failing to adequately counsel her, and stated she could not afford counsel to represent her in this action.

## **CONCLUSIONS OF LAW**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and may enter a final order.  Construing the Response to the Motion for Default Judgment as both a request for relief from Entry of Default and as an objection to the Motion for Default Judgment, the Court must consider two issues: (1) whether the Defendant has demonstrated good cause to set aside the Entry of Default against her; and (2) if not, whether the Defendant's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(2).  For the reasons stated below, the Court will not set aside the Entry of Default against the Defendant and will revoke the Defendant's discharge.

### I. RELIEF FROM ENTRY OF DEFAULT

Fed. R. Civ. P. 55(c)[19] provides, in relevant part, "[t]he court may set aside an entry of default for good cause[.]"  "The rules for setting aside defaults are to be liberally construed to provide relief to the defaulting party, and doubt on the issue should be resolved in favor of allowing

---

[18] The Defendant's Response was not served on the Plaintiff.  Defendant's failure to serve the Response prompted the Court's entry of a Deficiency Notice, which has not been cured as of the date of this Order.  ECF No. 39, entered Feb. 21, 2023.
[19] Rule 55(c) is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7055.

a case to proceed on the merits." *In re Brandes*, No. 01–61406–T, 01–6044–T, 2002 WL 1803725, at *3 (Bankr. E.D. Va. May 21, 2002) (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citing *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987)).

"*Pro se* pleadings are to be construed liberally by the courts and are held to less stringent standards than pleadings drafted by lawyers; however, the grant of leniency is not without its limitations." *In re Cilwa*, C/A No. 15–00263–HB, 2016 WL 828284, at *3 (Bankr. D.S.C. Mar. 2, 2016) (citing *In re Loy*, 448 B.R. 420, 437 (Bankr. E.D. Va. 2011)). Despite the more lenient standard applied to parties who are unrepresented by counsel, "[i]n order to promote efficiency and preserve the integrity of the system, courts may not allow *pro se* litigants to deviate completely from the rules of procedure or court-imposed deadlines." *Id.* (quoting *Loy*, 448 B.R. at 437). "The Court must also consistently and fairly apply the Court's rules to all parties, whether they are *pro se* or represented by counsel." *Id.* (quoting *In re McCain*, 353 B.R. 452, 452 (Bankr. E.D. Va. 2006)). "If a party decides to appear *pro se*, [she] has the responsibility to educate [herself] about the rules and requirements of the court." *Id.* (citing *McCain*, 353 B.R. at 452).

Here, the factors weigh against granting the Defendant relief from Entry of Default. Even construing the Defendant's Response liberally, it does not assert a meritorious defense. Rather, the Response merely outlines the difficult situation that the Defendant finds herself in and raises

6

defenses that were overruled in the Order Granting Motion for Turnover and are thus foreclosed by issue preclusion. "Under the doctrine of issue preclusion, 'a prior judgment ... foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697, 203 L.Ed.2d 846 (2019) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). The other factors also do not weigh in favor of the Defendant. There is not a history of action to consider other than this adversary proceeding, but the Defendant's failure to file any response to the complaint despite being properly served with the summons and complaint—and apparently being aware of the relief sought against her since November 8, 2022—or obtain counsel (whether *pro bono* or otherwise) does not demonstrate she acted with reasonable promptness or a high degree of personal responsibility. Accordingly, the Entry of Default against the Defendant will not be set aside.

## II.    REVOCATION OF DISCHARGE UNDER 11 U.S.C. § 727(D)(2)

Even though the Defendant will not be granted relief from the Entry of Default, the Court must still determine whether the Defendant's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(2). Through default, a defendant is found to have admitted the well-pleaded factual allegations of the plaintiff's complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citations omitted). "While the Court is vested with the discretion to enter default judgment, the Fourth Circuit requires that the Court evaluate the validity of the plaintiff's underlying claims." *In re Ryan*, 472 B.R. 714, 723 (Bankr. E.D. Va. 2012) (citation omitted). "After a default, it remains for the court to determine whether the unchallenged facts constitute a legitimate cause of action." *In re Cunningham*, 246 B.R. 241, 243 (Bankr. D. Md. 2000). *See also In re Clemson Grande Lakefront Condos., LLC*, 472 B.R. 703, 705 (Bankr. D.S.C. 2012) (citations

omitted) ("The mere fact that a defendant is in default does not entitle the plaintiff to default judgment.").

> 11 U.S.C. § 727(d)(2) provides:
>
> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
> …
>> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

"This provision imposes a duty upon the debtor to report to the trustee any acquisitions of property after the filing of the petition." 6 Collier on Bankruptcy ¶ 727.17[4] (2022); *see also In re Damaia*, No. 99-2354, 2000 WL 977395, at *2 (4th Cir. July 17, 2000) (Section 727(d)(2) "applies only to property acquired by a debtor after his petition has been filed.").

"The terms, 'knowingly and fraudulently' in the statute require fraud in fact, which involves moral turpitude or intentional wrong and does not include implied fraud or fraud in law." *In re Fisher*, No. 02-52442, 06-6077, 2008 WL 90188, at *3 (Bankr. M.D.N.C. Jan. 7, 2008) (citing *In re Roberson*, 187 B.R. 159, 166 (Bankr. E.D. Va. 1995); *In re Puente*, 49 B.R. 966, 969 (Bankr. W.D.N.Y. 1985)). "In essence, the court must find that the debtor knowingly intended to defraud the trustee, or engaged in such reckless behavior as to justify the finding of fraud[;] mere failure to report by the debtor is not sufficient." *Id.* (citing cases). "[T]he finding of fraudulent intent [may] [depend] in part on seeing a pattern of evasion and silence in the face of culpable knowledge and in part on inferences drawn from [a debtor's] conduct." *Thunberg v. Wallick (In re Thunberg)*, 641 F.3d 559, 560 (1st Cir. 2011) (chapter 7 debtor's discharge was revoked pursuant to 11 U.S.C. § 727(d)(2) for misrepresenting payments from settlement agreement as

8

being subject to perfected liens and failing to disclose that two such payments had been accelerated and had been used, in part, for private purposes).

In this case, the Plaintiff has met her burden to show revocation under § 727(d)(2) is appropriate. As previously determined in the Order Granting Motion for Turnover in the bankruptcy case, the Proceeds the Defendant received from the sale of the House were property of the estate. It is not clear whether the Defendant's failure to report her acquisition of the Proceeds to the Plaintiff was knowing and fraudulent. The Defendant did sign an affidavit in connection with the sale of the House affirming, under oath, that she had not filed a petition for relief in the Bankruptcy Court and the House was not under the control of the Bankruptcy Court or a Trustee in Bankruptcy or a Receiver, which may indicate she intended to hide the Proceeds from the estate. However, the Defendant claims that she relied upon real estate professionals' advice in completing the affidavit, and that she believed that her bankruptcy had been completed upon receipt of her discharge so that she no longer had an obligation to report her receipt of the Proceeds to the Plaintiff. On this record, the Court cannot conclude that the Defendant's failure to report her acquisition of the Proceeds to the Plaintiff was knowing and fraudulent.

Nonetheless, the record indicates the Defendant knowingly and fraudulently failed to deliver or surrender the Proceeds to the Plaintiff. Even after being notified by her bankruptcy counsel not to spend what remained of the Proceeds, the Defendant spent the remainder anyway. Throughout the hearing on the Debtors' Motion to Compel Abandonment and the Trustee's Motion for Turnover in the bankruptcy case, at the hearing on the Motion for Default Judgment in this proceeding, and in her Response to the Motion for Default Judgment, the Defendant expressed her view that she had done nothing wrong. The Defendant's reckless plunging ahead with spending the remainder of the Proceeds and lack of contrition for the same lead the Court to conclude that

the Defendant's failure to turn over the remainder of the Proceeds to the Plaintiff was knowing and fraudulent.

**IT IS, THEREFORE, ORDERED THAT** the Motion for Default Judgment filed by Plaintiff Michelle Vieira is granted, and the discharge under 11 U.S.C. § 727 granted to Defendant Kimberly Lents on October 19, 2021, in C/A No. 21-01868-eg is hereby revoked pursuant to 11 U.S.C. § 727(d)(2).

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/08/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 03/08/2023

10